IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| SIERRA CLUB,<br>    Plaintiff, | § § § | |
| v. | § § | Civil Action No. W-12-CV-108 |
| ENERGY FUTURE HOLDINGS<br>CORPORATION and LUMINANT<br>GENERATION COMPANY LLC.,<br>    Defendants. | § § § § § | |

## ORDER

Before the Court is Plaintiff's Motion to Dismiss Defendants' Counterclaim and Plaintiff's Motion to Stay Discovery on Defendants' Counterclaim. The Court having reviewed the motion to dismiss, response, reply, and applicable law is persuaded the motion has merit and is **GRANTED**.

### I.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a defendant asserting a counterclaim fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, a court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To survive the motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V(US), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 677). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## II. Analysis

In this case, Defendants have filed a counterclaim for costs and attorney's fees pursuant to 42 U.S.C. § 7604(d), which provides:

> The court, in issuing a final order in any action brought pursuant to subsection (a) of this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate. . . .

Plaintiff has moved to dismiss this counterclaim pursuant to Rule 12(b)(1) and 12(b)(6). Plaintiff argues the statute does not create an independent cause of action for costs and attorney's fees. The Court agrees. Authorization for costs and attorney's fees under § 7604(d) is analogous to § 42 U.S.C. § 1988, which states:

> [T]he court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . including attorney's fees . . . .

2

*See Penn. V. Del Valley Citizens Council for Clean Air*, 478 U.S. 546 (analogizing 42 U.S.C. § 1988 with 42 U.S.C. § 7904(d)). The Fifth Circuit has stated § 1988 "does not provide for a separate cause of action, only for recovery of attorney's fees and expert fees to parties prevailing on certain other causes of action." *Villegas v. Galloway*, 458 F. App'x 334, 338 (5th Cir. 2012). Similarly, the Court is not persuaded § 7604(d) creates an independent cause of action, and therefore, Defendants have failed to state a claim upon which relief can be granted. Accordingly, it is

ORDERED that Plaintiff's Motion to Dismiss Defendants' Counterclaim is GRATED. It is also

ORDERED that Plaintiff's Motion to Stay Discovery is DENIED as moot.

SIGNED this 24th day of May, 2013.

_____
WALTER S. SMITH, JR.
UNITED STATES DISTRICT JUDGE