IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SIERRA CLUB, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| vs. § | |
| § | Civil Action No. 6:12-cv-00108-WSS |
| ENERGY FUTURE HOLDINGS § | |
| CORPORATION and LUMINANT § | |
| GENERATION COMPANY LLC, § | |
| § | |
| *Defendants.* § | |

**PLAINTIFF SIERRA CLUB'S MOTION TO COMPEL THIRD-PARTY REPORTS IN DEFENDANTS' POSSESSION**

### I.     INTRODUCTION

Plaintiff Sierra Club moves to compel documents in defense counsel's possession from ADA-ES, Inc., a contractor that has performed work on the pollution control equipment at issue in this lawsuit from Defendants' Big Brown plant. Sierra Club previously served a document request to Defendants for such documents. Later, Sierra Club served a subpoena on ADA-ES for studies and reports the contractor has generated related to the relevant pollution control equipment at the plant. These documents are relevant to Sierra Club's rebuttal of Defendants' arguments that the Clean Air Act violations at issue in this lawsuit are not subject to penalties because they are covered by affirmative defenses in the Texas State Implementation Plan ("SIP"). Instead of reviewing its own documents for privilege and relevance, ADA-ES sent documents responsive to Sierra Club's subpoena to Defendants' attorneys for defense counsel to review before production. Instead of producing all non-privileged documents provided to them by ADA-ES, defense counsel withheld a large portion of the responsive documents on the

erroneous grounds that such documents are from the time period before the violations at issue in this lawsuit. Sierra Club moves to compel these documents that were withheld by defense counsel.

## II. BACKGROUND

Sierra Club brought this case to enforce Defendants' violations of the Clean Air Act at the Big Brown Steam Electric Station from July 2007 through July 2011 — most of which are established by Defendants' own submissions to the Texas Commission on Environmental Quality. Doc. 81, Am. Compl., at ¶¶ 24-30. Specifically, Sierra Club is alleging violations of opacity and particulate matter limits at the plant. *Id.* In December of last year, Sierra Club served a Rule 30(b)(6) notice on Defendants. Accompanying that notice were a number of document requests, including request number 24, which asked Defendants to produce all studies and report pertaining to the design and operation of the pollution control equipment for Big Brown. Ex. 1, attaching Defs' Resp. to Pl.'s Docs. Req. in 30(b)(6) Notice. In response, Defendants offered certain objections (including that the request lacked temporal limit) but also stated that they would, subject to those objections, produce "available non-privileged documents potentially responsive to this request relating to the electrostatic precipitators ["ESPs"] or baghouses" at the plant.[1] *Id.* Among the responsive documents produced by Defendants were a number of reports from ADA-ES regarding the ESPs and baghouses at Big Brown, including one 1997 report co-authored by ADA-ES, Defendants' predecessor and another entity.[2]

On May 28, 2013, Sierra Club served a subpoena on ADA-ES, asking for, among others, documents discussing or relating to any work performed by ADA-ES on or relating to the

---

[1] The ESPs and baghouses are the pollution control equipment designed to control opacity and particulate matter at the Big Brown plant.

[2] Defendants have marked this report as confidential under the parties' protective order in this case, and thus Sierra Club is not attaching the report as an exhibit. The beginning bates number of the report is LUM-BB-038793.

baghouses or ESPs at the Big Brown Plant. Ex. 2, attaching Subpoena to ADA—ES. In telephone discussions with ADA-ES, counsel for Sierra Club clarified that Sierra Club was seeking final reports authored by ADA-ES related to the baghouses or ESPs, regardless of the timeframe of those reports. ADA-ES agreed to search for and produce these documents. Instead of reviewing the documents itself before production, counsel for Sierra Club understands that ADA-ES sent a full box worth of documents to defense counsel to review for privilege before production. Sierra Club agreed to reimburse ADA-ES close to $400 for ADA-ES' costs incurred in copying the box of documents. Ex. 3, attaching E-mails Btwn. P. Dycus and J. Lagarrene; Ex. 4, attaching invoice. After reviewing ADA-ES' documents, however, defense counsel only produced 25 pages of ADA-ES documents to Sierra Club. Defense counsel is taking the position that many of the documents are irrelevant because they are "outside the timeframe of the case (i.e., pre-2005) or documents that pertain to mercury, mercury control, or other topics not relevant to Sierra Club's claims." Ex. 5, attaching E-mails Btwn. P. Dycus and R. Falconer.

### III.   ARGUMENT

The affirmative defenses from the Texas SIP that Defendants hope to rely upon[3] provide that an affirmative defense is available to penalties for certain Clean Air Act violations when Defendants show, among other things, (a) that the violations could not have been prevented through planning and design and (b) that the violations were not part of a recurring pattern indicative of inadequate design, operation or maintenance. 30 TAC 101.222. The reports from Defendants' various contractors who have performed work on the ESPs and baghouses at the Big Brown plant speak directly to these affirmative defense factors and show, among other things,

---

[3] As explained in summary judgment briefing before this Court, Sierra Club's position is that these affirmative defenses were not available to Defendants at all during most of the relevant time period because they were not part of the Texas SIP. Nevertheless, Sierra Club needs to prepare evidence to rebut the application of the affirmative defenses should the Court find them available to Defendants.

3

that the inadequate design and operation of Defendants' pollution controls have led to the violations at issue in this lawsuit. In fact, Sierra Club has cited a number of these third-party reports in the expert report of its engineering expert, Dr. Ranajit Sahu. Sierra Club also believes that additional reports — like the reports it seeks from ADA-ES — would be directly relevant to an analysis of the affirmative defense factors. Defendants have apparently unilaterally withheld from production ADA-ES documents discussing the baghouses and ESPs at Big Brown. Regardless of the documents' time frame and regardless whether they are primarily focused on mercury or some other issue, however, any ADA-ES documents discussing the baghouses or ESPs at the plant are relevant to the parties' claims and defenses. Defendants' claim that ADA-ES documents pre-dating 2005 are not relevant is belied by the fact that Defendants previously produced to Sierra Club the 1997 report co-authored by ADA-ES.

In communications with Plaintiff's counsel, Defendants have taken the position that this motion to compel is only proper if filed in the District of Colorado, where ADA-ES is located. However, because defense counsel is in possession of the ADA-ES documents, these documents are responsive to Sierra Club's document request number 24 to Defendants, which requested studies and reports related to the pollution control equipment at the plant. Even if the ADA-ES documents in question are not in Defendants' possession, custody or control, the provisions from Federal Rule of Civil Procedure 45 regarding the proper venue for a motion to compel should not apply in circumstances such as this, when defense counsel actively decided which documents would and would not be produced in response to the subpoena.

This motion is timely under the Court's local rules, which provide that no motions to compel "shall be filed after the expiration of the discovery deadline, unless they are filed within 7 days after the discovery deadline and pertain to conduct occurring during the final 7 days of

discovery." This motion is filed within seven days of the discovery deadline and pertains to conduct occurring during the final seven days of discovery: discovery closed on July 15, and Defendants first notified Sierra Club of which ADA-ES documents were being produced in response to the subpoena on July 12.

For the foregoing reasons, the Court should compel Defendants to produce any documents from ADA-ES — discussing the baghouses or ESPs at Big Brown — that defense counsel has withheld from production on any grounds other than privilege.

Respectfully Submitted,

DATE: July 22, 2013

/s/ Patton Dycus
Counsel for Plaintiff

Counsel for Plaintiffs:

ENVIRONMENTAL INTEGRITY PROJECT

Ilan Levin*
Texas Bar No. 00798328
1303 San Antonio Street, Suite 200
Austin, Texas 78701
Phone: 512-637-9477

Patton Dycus*
Georgia Bar No. 236636
2532 Knox Street NE
Atlanta, GA 30317
Phone: 404-446-6661

Julie Kaplan* (DC Bar No. 414178)
One Thomas Circle, NW, Suite 900
Washington, D.C. 20005
Phone: 202-263-4452

SIERRA CLUB

Elena Saxonhouse*
California Bar No. 235139
Sanjay Narayan*
California Bar No. 183227
85 Second Street, 2nd Floor
San Francisco, CA 94105
Phone: 415-977-5765

*Admitted *pro hac vice*

## CERTIFICATE OF CONFERENCE

      I hereby certify under Local Rule CV-7(i) that counsel for the parties have conferred in a good-faith attempt to resolve the matters at issue in this motion, but no agreement could be reached.

                                          /s/ Patton Dycus
                                           Patton Dycus

## CERTIFICATE OF SERVICE

On this 22nd day of July, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

/s/ Patton Dycus
Patton Dycus

William B. Dawson
Russell H. Falconer
Gibson, Dunn, & Crutcher LLP
2100 McKinney Avenue
Suite 1100
Dallas, Texas 75201-6912

P. Stephen Gidiere III
Thomas L. Casey, III
Michael D. Freeman
Balch & Bingham LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203

Charles D. Olson
Michael W. Dixon
Haley & Olson PC
510 North Valley Mills Drive, Suite 600
Waco, Texas 76710-6078

Stacey H. Dore
Energy Future Holdings Corp.
1601 Bryan Street, 41st Floor
Dallas, Texas 75201