**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| SIERRA CLUB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 6:12-cv-00108-WSS |
| ENERGY FUTURE HOLDINGS | ) | |
| CORPORATION and LUMINANT | ) | |
| GENERATION COMPANY LLC, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**DEFENDANTS' WITNESS LIST**</u>

Pursuant to Local Rule CV-16(e)(5) and the Court's Scheduling Order as amended, Defendants Energy Future Holdings Corp. and Luminant Generation Company LLC ("Luminant") (collectively, "Defendants") identify the following persons whom Defendants expect to present as witnesses and persons whom Defendants may call if the need arises, including a brief, but specific, statement of testimony to be offered by the witness.

**1.      Witnesses Whom Defendants Expect to Present**

a.      Pamela Shawn Glacken, Senior Environmental Consultant, Luminant.  Ms. Glacken formerly held the position of Senior Vice President, Environmental Services, for Luminant.  She will offer testimony relating to opacity and particulate matter compliance, permitting, reporting, and emission controls for Big Brown.  Ms. Glacken will testify about the self-reporting of the opacity events at issue to the Texas Commission on Environmental Quality ("TCEQ")

and the U.S. Environmental Protection Agency ("EPA"); the facts surrounding the self-reported events; TCEQ's investigations and evaluations of the events that concluded there were no violations; the demonstration criteria in 30 Texas Administrative Code § 101.222 that were proven to TCEQ; the Clean Air Act permits and regulations that authorize the opacity and PM events; the plant's compliance with its current permits; the plant's record of outstanding environmental compliance and performance; TCEQ's and EPA's historic and current regulatory treatment of the events; TCEQ's determination that the current operational practices for engaging the plant's emissions control equipment is Best Available Control Technology; and the continued protection of the National Ambient Air Quality Standards in the areas surrounding Big Brown.

b.    Freeman Jarrell, Senior Director, Regional Support, Southern Region, Luminant. Mr. Jarrell was the Plant Director for Big Brown from 2001 to 2012.  He will offer testimony about plant operations during that period and today; the plant's emissions control equipment and its operation and maintenance according to regulatory and industry standards; how the plant and equipment is started up and shut down in a manner that protects human safety and ensures the operational effectiveness of the equipment; the beneficial impacts of the plant on the surrounding communities; the facts surrounding the self-reported events; and the demonstration criteria in 30 Texas Administrative Code § 101.222 that were proven to TCEQ

c.    Eric Chavers, Chemistry and Environmental Supervisor, Big Brown Power Plant, Luminant.  Mr. Chavers will offer testimony relating to environmental regulatory

2

compliance, permitting, and reporting for Big Brown.  He will testify about the self-reporting of the opacity events at issue to the TCEQ and the EPA; the facts surrounding the self-reported events; the demonstration criteria in 30 Texas Administrative Code § 101.222 that were proven to TCEQ; the Clean Air Act permits and regulations that authorize the opacity and PM events; the plant's compliance with its current permits; the plant's record of outstanding environmental compliance and performance; and the beneficial impacts of the plant on the surrounding community where he lives.

d.      David Zuber, a neighbor of Barbara Lawrence on Richland Chambers Lake north of Fairfield.  Mr. Zuber will testify about the contributions of the Big Brown plant in the area and community, Barbara Lawrence's claims, the public interest factors applicable to the requested injunctive relief, the economic impact on the local and broader community of the relief requested in this case, and how the public interest would be impacted, or disserved, by the Sierra Club's requested action.

e.      Wallis Harrison, President, Particulate Control Technologies, Inc.  Mr. Harrison will offer expert testimony on the topics, opinions, and rebuttal opinions disclosed in his expert report dated and served June 13, 2013.  These include the application of the demonstration criteria in 30 Texas Administrative Code § 101.222 to the events at issue; industry and regulatory standards for the safe and effective operation of electrostatic precipitators and baghouses; the performance, design, operation, and maintenance of Big Brown's electrostatic precipitators and baghouses; Defendants' good faith efforts to comply, the short duration of the events, and the seriousness of the events for purposes of the factors in 42 U.S.C. §

7413(e); and rebuttal to opinions offered by Sierra Club's witness Dr. Ranajit Sahu.

f.   Robert Paine, Technical Director, AECOM Environment.  Mr. Paine will offer expert testimony on the topics, opinions, and rebuttal opinions disclosed in his expert report dated and served June 13, 2013.  These include the results of air modeling that demonstrates that the opacity and PM events at issue did not cause a violation of the National Ambient Air Quality Standards ("NAAQS") in any area, including Barbara Lawrence's residence, and rebuttal to opinions offered by Sierra Club's witnesses Dr. Sahu and Mr. Andrew Gray.

g.   Lucy Fraiser, Zephyr Environmental Corporation.  Dr. Fraiser will offer expert testimony on the topics, opinions, and rebuttal opinions disclosed in her expert report dated and served June 13, 2013.  These include analysis showing that the events at issue did not cause or contribute to a "condition of air pollution"; that the events were not "serious" in terms of public health and welfare for purposes of the penalty factors in 42 U.S.C. § 7413(e); and rebuttal to opinions of Sierra Club's witnesses.

h.   Anne Smith, Senior Vice President, NERA Economic Consulting.  Dr. Smith will offer expert testimony on the topics, opinions, and rebuttal opinions disclosed in her expert report dated and served June 13, 2013.  These include whether the Defendants derived any economic benefit from the alleged events at issue, a factor under 42 U.S.C. § 7413(e) used to determine whether any penalty is appropriate were the Court to find a violation, and rebuttal opinion to Sierra Club's witnesses.

2.     **Witnesses Whom Defendants May Call If the Need Arises**

  a. Neil Carman, Clean Air Program Director, Lone Star Chapter, Sierra Club (both individually and in his capacity as Rule 30(b)(6) designee of Sierra Club; live or by written or video deposition).  Mr. Carman may be called for testimony relating to membership of the Lone Star Chapter of Sierra Club and to Sierra Club's claims and requested relief in this litigation.  The specific topics for this witness are further provided in Defendants' deposition designations, which Defendants have filed in a separate pleading.

  b. Eva Hernandez, Senior Organizing Manager, Sierra Club (in her capacity as Rule 30(b)(6) designee of Sierra Club only; by written or video deposition).  Ms. Hernandez may be called for testimony relating to Sierra Club's claims and requested relief in this litigation and Sierra Club's Beyond TXU and Beyond Coal campaigns.  The specific topics for this witness are further provided in Defendants' deposition designations, which Defendants have filed in a separate pleading.

  c. Barbara Lawrence (by written or video deposition).  Ms. Lawrence may be called for testimony relating to the alleged link between her injuries and the opacity events at issue in this litigation.  The specific topics for this witness are further provided in Defendants' deposition designations, which Defendants have filed in a separate pleading.

In addition to the individuals listed above, Defendants specifically reserve their right to present at trial:

a. Any individual needed to authenticate any document which may be offered into evidence at trial.

b. Any individual listed as a witness by Plaintiff and not objected to by Defendants.

c. Any individuals needed for rebuttal or impeachment.

d. Any individuals whose testimony becomes relevant following the Court's ruling on pending motions.

e. Any witness added by amendment hereto as allowed by the Court.

Respectfully submitted,

/s/ P. Stephen Gidiere III
Counsel for Defendants

Dated: January 22, 2014

**Counsel for Defendants Energy Future Holdings
Corp. and Luminant Generation Company LLC:**

**Charles D. Olson**
Texas State Bar No. 15273200
**Michael W. Dixon**
Texas State Bar No. 05912100
Haley & Olson PC
510 North Valley Mills Drive, Suite 600
Waco, Texas 76710-6078
Phone: (254) 776-3336
Fax: (254) 776-6823
Email: colson@haleyolson.com
          mdixon@haleyolson.com

**William B. Dawson**
Texas State Bar No. 05606300
**Michael L. Raiff**
Texas State Bar No. 00784803
**Russell H. Falconer**
Texas State Bar No. 24069695
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Suite 1100
Dallas, Texas  75201-6912
Phone: (214) 698-3100
Fax: (214) 571-2900
Email: wdawson@gibsondunn.com
mraiff@gibsondunn.com
rfalconer@gibsondunn.com

**Daniel J. Kelly**
Texas State Bar No. 24041229
Associate General Counsel
Energy Future Holdings Corp.
1601 Bryan Street, 43rd Floor
Dallas, Texas 75201
Phone: (214) 812-7182
Fax: (214) 812-6075
Email: dan.kelly@energyfutureholdings.com

**P. Stephen Gidiere III**
Texas State Bar No. 24077984
**Thomas L. Casey, III**
Balch & Bingham LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203
Phone: (205) 251-8100
Fax: (205) 488-5694
Email: sgidiere@balch.com
          tcasey@balch.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing witness list was served by ECF on the 22nd day of January, 2014, on counsel of record for Plaintiff.


/s/ P. Stephen Gidiere III
Counsel for Defendants