IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SIERRA CLUB, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | Civil Action No. 6:12-cv-00108-WSS |
| ENERGY FUTURE HOLDINGS | § | |
| CORPORATION and LUMINANT | § | |
| GENERATION COMPANY LLC, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S TRIAL BRIEF ON ELEMENTS OF PROOF FOR
LIABILITY AND INJUNCTIVE RELIEF[1]**

**I. The Elements of Proof Required to Prove a Clean Air Act Violation.**

The Clean Air Act (CAA) establishes strict liability for any "violation" of "an emission standard or limitation." 42 U.S.C. § 7604(a)(1), (f)(4). As the opacity limit in the Texas SIP is "an emissions standard or limitation" under the meaning of the Act, 42 U.S.C. §7604(f)(4), Plaintiff need only prove that Defendants caused emissions to exceed these limits to establish liability.  For example, in *St. Bernard Citizens for Envtl. Quality, Inc. v. Chalmette Ref., L.L.C.*, 399 F. Supp. 2d 726 (E.D. La. 2005), a relatively recent Clean Air Act citizen suit from within the Fifth Circuit, a refinery's own reports of excess sulfur dioxide emissions and other deviations from its permit terms were sufficient proof of CAA violations. *Id.* at 726. *See also Concerned Citizens Around Murphy v. Murphy Oil USA, Inc.*, 686 F. Supp. 2d 663, 679-80 (E.D. La. 2010). In addition to its finding on the excess emissions claim, the *Chalmette* court rejected defendant's argument that monitoring violations had not caused any harm, and should therefore be excused.

---

[1] Disputed legal issues related to penalties are discussed in Plaintiff's Response to Defendants' Trial Brief, also filed this date.

1

The Court stated, "the regulations that defendant violated . . . prohibit all monitoring violations and make no distinction based on whether the violations impact the environment." 399 F. Supp. 2d at 739. *See also Friends of the Earth v. Potomac Elec. Power*, 419 F. Supp. 528, 533 (D.D.C. 1976) (summary judgment in Clean Air Act citizen suit granted based on review of defendant's records); *Chesapeake Bay Found. v. Bethlehem Steel Corp.*, 608 F. Supp. 440, 452 (D. Md. 1985) ("All the Court here is called upon to do is compare the allowable quantities of pollution listed in the permits with the available statistics on actual pollution.") (internal quotation and citation omitted). The same is true here. Proof of causation of an injury– let alone causation of a specific person's injury – is not relevant at the liability stage of the case. Instead, the Act requires strict enforcement of emissions limits.[2] An abundance of other courts considering environmental citizen suits have come to the same conclusion.[3]

---

[2] Texas Commission on Environmental Quality ("TCEQ") regulations, 30 Tex. Admin. Code § 101.222(b) and (c), do provide a limited affirmative defense *to penalties* in enforcement actions involving unauthorized emissions from upset events, provided that a defendant meets its burden of proving that numerous specified criteria are all met, but this is *not* a defense to liability or to claims for injunctive relief. *Luminant Generation Co. LLC v. EPA*, 714 F.3d 841, 853, 855 (5th Cir. 2013); *Env't Texas v. ExxonMobil*, Civ. No. 4:10-cv-4969 (S.D.Tex. 2013) Doc. 126, at 17 (parties, including Sierra Club and ExxonMobil, agreed that the affirmative defense is not a defense to liability).

[3] *See, e.g.*, *Friends of the Earth, Inc. v. Laidlaw Envtl. Services*, 528 U.S. 167, 174 (2000) ("Noncompliance with a permit constitutes a violation of the Act."); *Piney Run Pres. Ass'n v. Cnty. Com'rs of Carroll Cnty.,* 268 F.3d 255, 265 (4th Cir. 2001) (Clean Water Act enforcement provision does not require "a causal link between the degradation of water quality and the pollutant in question."); *Domino v. Didion Ethanol, LLC*, 670 F. Supp. 2d 901, 913 (W.D. Wis. 2009) ("All that is needed to establish a violation is proof that a point source polluter violated the terms and conditions of the Clean Water Act or a permit issued under the Act.") (citing *Atlantic States Found. v. Stroh Die Casting Co.*, 116 F.3d 814, 818 (7th Cir. 1997)); *United States v. Anthony Dell'Aquilla, Enters. and Subsidiaries*, 150 F.3d 329, 332 (3rd Cir. 1998); *United States v. Winchester Mun. Utils*, 944 F.2d 301, 304 (6th Cir. 1991). The Clean Water Act has a citizen suit provision that is nearly identical to that of the Clean Air Act, and courts evaluating Clean Air Act claims routinely treat Clean Water Act case law as instructive. *See, e.g., Friends of the Earth v. Consol. Rail Corp.*, 768 F.2d 57, 63 (2d Cir.1985) ("The citizen suit provision of the Clean Water Act was explicitly modeled on the similarly worded section 304 of the Clean Air Act.").

In their proposed Conclusions of Law, Defendants claim to avoid liability for a certain subset of violations on the sole defense that "Sierra Club has not proven that the opacity and PM events at issue caused any injury to Barbara Lawrence," which is a "necessary showing for liability." Doc. 220 at 20. This is simply not the law. Both the Clean Air Act's plain language and abundant case law have established that proof of a violation does *not* require a plaintiff to prove that the excess emissions caused an *individual's injuries* beyond what is necessary for standing. No court has required such proof to establish a polluter's liability for emission limit violations, and numerous courts have stated the exact opposite principle.

Defendants note this Court's citation to *Texans United for a Safe Economy Educ. Fund v Crown Cent. Petroleum Corp.*, 207 F.3d 789 (5th Cir. 2000) for its statement in *dicta* that "[plaintiffs] must ultimately establish causation if they are to prevail on the merits [of their Clean Air Act claims." Doc. 202 at 11 (citing *Id.* at 793). The Court indicated that Plaintiff would need to explicitly link Big Brown's violations with Mrs. Lawrence's injuries to prevail on the merits. This link will be established by expert testimony and other evidence that the violations make it more likely that Mrs. Lawrence (and the public in general) will see smoke from the stacks, and that the violations make the air quality worse than it would be if the plant complied with the applicable limits.[4]

As demonstrated by the numerous authorities above, the law does not require more. *Texans United* was not reviewing the merits of the lawsuit and, on remand, the case was settled prior to trial. As such, the Circuit has not had an opportunity to clarify its statement regarding "causation." In any event, an interpretation requiring proof that Big Brown's violations are the

---

[4] Sierra Club has not located any other case that, on the merits, required "causation" of harm for proof of liability after standing was established, except in the sense of showing that a facility is causing the excess emissions. *See, e.g., W.Va. Highlands Conservancy, Inc. v. Huffman*, 651 F. Supp. 2d 512, 519 (S.D. W.Va. 2009) ("The causation requirement can be met because of a defendant's control over discharges.").

*sole* or "*but-for*" cause of Mrs. Lawrence's concerns about air pollution and her injury-in-fact would be inconsistent with the plain language of the Act, the governing case law, and the fact that no court has ever required such proof in this type of case. Sierra Club is not a tort plaintiff.

## II.     The Elements of Proof to Obtain an Injunction.

Once Sierra Club proves that Defendants are not operating in compliance with the Clean Air Act, a statute aimed at protecting the public health, it is appropriate for this Court to issue an injunction that would require compliance. *St. Bernard Citizens for Envtl. Quality, Inc. v. Chalmette Ref., L.L.C.,* 354 F. Supp. 2d 697, 705 (E.D. La. 2005) (finding that "plaintiffs' unrebutted evidence of repeated violations, including at least one that occurred after plaintiffs filed suit" would justify injunction) (*citing Texans United*, 207 F.3d at 793–94).  Although the traditional four-factor test for injunctive relief generally requires a plaintiff to show "irreparable harm" to obtain an injunction,[5] in an environmental case, this is not a heavy burden.  *See U.S. v. Marine Shale Processors*, 81 F.3d 1329, 1358-60 (5th Cir. 1996) ("Environmental injury, by its nature, can seldom be adequately remedied by money damages and is often permanent or at least of long duration, i.e., irreparable. If such injury is sufficiently likely, therefore, the balance of harms will usually favor the issuance of an injunction to protect the environment.") (quoting *Amoco Production Co. v. Village of Gambell*, 480 U.S. 531, 545 (1987)).

Here, an injunction is also proper under other traditional equitable principles that do not require meeting the four-factor test. First "a court need not balance the hardship when a defendant's conduct has been willful." *See United States v. Marine Shale Processors*, 81 F.3d

---

[5] As explicated in a commercial case, a plaintiff seeking a permanent injunction must show: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L. C.,* 547 U.S. 388, 391 (2006).

4

1329, 1358-59 (5th Cir. 1996); *Sierra Club v. Franklin Cnty. Power of Illinois, LLC*, 546 F.3d 918, 935 (7th Cir. 2008). Second, when the plaintiff is the government — or a citizen standing in the government's place — suing as a protector of the public interest, a finding that the activity at issue constitutes a risk of danger to the public is sufficient basis alone for an injunction. *Marine Shale Processors*, 81 F.3d at 1359; *United States v. Envtl. Waste Control, Inc.*, 917 F.2d 327, 332 (7th Cir. 1990).

Although the Court may issue an injunction without specific evidence of harm, Plaintiff intends to present evidence that the alleged violations do cause harm. Plaintiff's experts will testify, and the evidence will show, that the excess particle pollution emitted by the Big Brown plant when it deviates from the SIP limits worsens air quality in the surrounding area. That causes the air to be "less pure than mandated by the Clean Air Act," and increases the risk to public health. *Texans United*, 207 F.3d at 792.[6] Further, the Court has already held that Mrs. Lawrence has suffered aesthetic injury from observing smoke from Big Brown's stacks, and she has been unable to enjoy the outdoors with her husband because of her concerns about health and the emissions from Big Brown. Doc. 202 at 9-10.

Without any additional proof, and often with less, Courts have accepted that "[i]t is plain that the public interest calls upon the courts to require strict compliance with environmental statutes," *Conservation Law Found. v. Watt,* 560 F. Supp. 561, 583 (D. Mass. 1983), and found the harm requirement for injunctive relief satisfied. *See, e.g.*, *Sierra Club v. Cedar Point Oil*, 73 F.3d 546, 569, 572-73, 578 (5th Cir. 1996) (defendants' expert testimony disputing environmental harm "ultimately proved to be unimportant" to the case; trial court did not rely on such testimony when it found liability, issued a penalty, or granted an injunction.); *St. Bernard*

---

[6] *See also Franklin Cnty. Power*, 546 F.3d at 936 ("[W]e agree with Sierra Club that requiring [defendant] to obtain a valid PSD permit would likely result in decreased emissions and improved public health, which would further a stated goal of the Clean Air Act").

*Citizens for Envtl. Quality, Inc.,* 354 F. Supp. 2d at 705 (E.D. La. 2005), *supra*. *See also Marine Shale Processors*, 81 F.3d at 1360 ("[T]he district court found that, overall, MSP's violations of the environmental laws had as yet caused little perceivable harm to the environment. That finding *does not, however, compel the conclusion that MSP's illegal activity could continue indefinitely without causing a risk to the public health*.") (emphasis added); *Franklin Cnty. Power*, 546 F.3d at 936 (affirming district court's permanent injunction preventing defendant from building power plant until it obtained the necessary permit, and finding irreparable injury under expired permit because the old permit "likely includes more relaxed emission standards"). These cases did not rely on evidence of harm to any individual beyond what was demonstrated for standing.[7]

## CONCLUSION

Courts accept a company's self-reported exceedances of an applicable limitation as satisfactory proof of a Clean Air Act violation and do not require proof of personal injury. In addition, courts regularly grant injunctive relief to stem the harm inherent when a company violates a law intended to protect the public health. Sierra Club respectfully submits that the principles and authorities discussed above apply here, where the Big Brown plant is knowingly and regularly exceeding its 30% opacity limit and has no intention of changing its operations to address the exceedances.

---

[7] *See also Humane Soc. of U.S. v. HVFG, LLC*, 2010 WL 1837785, at *1, 15 (S.D.N.Y. May 6, 2010) (CWA) (issuing injunction on basis of Defendants' self-reported violations); *PIRG v. Powell Duffryn Terminals, Inc.*, 720 F. Supp. 1158, 1167-1168 (D.N.J. 1989), *aff'd in part and rev'd in part on other grounds*, 913 F.2d 64 (3d Cir. 1990) (same, because Court could not conclude that the "wrong will not be repeated"); (CWA).

DATE: February 24, 2014	Respectfully submitted,

*/s/Elena Saxonhouse*
SIERRA CLUB
Elena Saxonhouse*
California Bar No. 235139
Sanjay Narayan*
California Bar No. 183227
85 Second Street, 2nd Floor
San Francisco, CA 94105
Phone: 415-977-5765
Email: elena.saxonhouse@sierraclub.org
Email: sanjay.narayan@sierraclub.org

ENVIRONMENTAL INTEGRITY PROJECT
Ilan Levin*
Texas Bar No. 00798328
1303 San Antonio Street, Suite 200
Austin, Texas 78701
Phone: 512-637-9477
Email: ilevin@environmentalintegrity.org
Patton Dycus*
Georgia Bar No. 236636
2532 Knox Street NE
Atlanta, Georgia 30317
Phone: 404-446-6661
Email: pattondycus@gmail.com

EARTHJUSTICE
Charles McPhedran*
Pennsylvania Bar No. 60123
1617 John F. Kennedy Boulevard, Suite 1675
Philadelphia, PA 19103
Phone: 215-717-4521
Email: cmcphedran@earthjustice.org

MONTEZ & WILLIAMS, PC
Aubrey Williams
Texas Bar No. 21512500
3809 West Waco Drive
Waco, TX 76710
Phone: 254-759-8600
Email: aubreyw9000@yahoo.com

**ATTORNEYS FOR PLAINTIFF**
*Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

On this 24th day of February, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

*/s/Elena Saxonhouse*
Elena Saxonhouse

William B. Dawson
Russell H. Falconer
Michael L. Raiff
Elizabeth M. Viney
Gibson, Dunn, & Crutcher LLP
wdawson@gibsondunn.com
rfalconer@gibsondunn.com
mraiff@gibsondunn.com
eviney@gibsondunn.com

P. Stephen Gidiere III
Thomas L. Casey, III
Michael D. Freeman
Balch & Bingham LLP
sgidiere@balch.com
tcasey@balch.com
mfreeman@balch.com

Charles D. Olson
Michael W. Dixon
Haley & Olson PC
colson@haleyolson.com
mdixon@haleyolson.com

Stacey H. Dore
Daniel Jude Kelly
Energy Future Holdings Corp.
stacey.dore@energyfutureholdings.com
dan.kelly@energyfutureholdings.com